1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    MICHAEL ALAN DEAN HILL,                No.  2:25-cv-1096-SCR
12                    Petitioner,
13        v.                                 ORDER AND
14    SUPERIOR COURT OF CALIFORNIA,          FINDINGS AND RECOMMENDATIONS
15                    Respondent.
16
17         Petitioner is a county inmate who filed a petition for a writ of habeas corpus pursuant to

18    28 U.S.C. § 2254 along with two motions to proceed in forma pauperis.  ECF Nos. 1, 5-6.  This

19    proceeding is referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

20         **I.      Factual Background**

21         Petitioner challenges criminal charges that are pending against him in the El Dorado

22    County Superior Court for violating California Penal Code § 288.  ECF No. 1 at 2.  According to

23    the habeas petition, petitioner was convicted in 2022, but was granted a retrial.  ECF No. 1 at 2.

24    Petitioner requests a private investigator and advisory counsel to assist him in the retrial of this

25    state court case.  ECF No. 1 at 3.  Petitioner indicates that he is currently representing himself.

26    Id. at 6.

27    ////

28    ////

                                          1

1    **II.    Legal Standards**

2    Federal courts cannot interfere with pending state criminal proceedings, absent

3    extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401

4    U.S. 37, 45-46 (1971).  Younger applies equally to state court appellate and trial proceedings.

5    Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975).  Federal courts must abstain from ruling

6    on the issues and dismiss the federal action without prejudice, unless there are extraordinary or

7    special circumstances which pose an immediate threat of irreparable injury.  See Perez v.

8    Ledesma, 401 U.S. 82, 85 (1971) (limiting "extraordinary circumstances" to those cases

9    involving harassment by state officials, prosecutions undertaken "in bad faith that have no hope

10   of obtaining a valid conviction," or where "irreparable injury can be shown.").  Irreparable injury

11   does not exist in such situations if the threat to plaintiff's federally protected rights may be

12   eliminated by his defense of the criminal case.  Moreover, even irreparable injury is insufficient

13   to enjoin a state criminal prosecution unless it is "both great and immediate."  Fenner v. Boykin,

14   271 U.S. 240, 243-44 (1926).  In practical terms, the Younger doctrine means that "'only in the

15   most unusual circumstances is a defendant entitled to have federal interposition by way of

16   injunction or habeas corpus until after the jury comes in, judgment has been appealed from and

17   the case concluded in the state courts.'"  Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980)

18   (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)).

19   **III.    Analysis**

20   Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

21   petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

22   petitioner is not entitled to relief.  Having conducted this review, the undersigned recommends

23   summarily dismissing the § 2254 petition on the basis of the Younger abstention doctrine.  First,

24   it is apparent from the face of the petition that state criminal proceedings are ongoing.  See

25   Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of

26   Younger abstention analysis, the pendency of state proceedings is determined "at the time the

27   federal action was filed").  Secondly, the criminal proceedings involve an important state interest

28   in enforcing state laws.  Lastly, the state proceedings provide petitioner the opportunity to request

1  advisory counsel and pro per investigative resources.  In this case, petitioner has not demonstrated

2  any extraordinary circumstance justifying federal court intervention in his pending state criminal

3  proceeding.  For these reasons, the court will recommend that petitioner's § 2254 application be

4  summarily dismissed without prejudice based on the <u>Younger</u> abstention doctrine.

5  **IV.    Plain Language Summary for Party Proceeding Without a Lawyer**

6  Since petitioner is representing himself in this case, the court wants to make sure that the

7  words of this order are understood.  The following information is meant to explain this order in

8  plain English and is not intended as legal advice.

9  The undersigned has concluded that your federal habeas petition should be dismissed

10  without prejudice because state criminal proceedings were still pending at the time that you filed

11  your federal court case.  Habeas corpus relief is not available until your direct appeal has ended

12  and you have exhausted all state court remedies.

13  If you disagree with this recommendation, you have 21 days to explain to the court why it

14  is wrong.  Label your explanation as "Objections to Magistrate Judge's Findings and

15  Recommendations."  The district court judge assigned to your case will review the file and make

16  the final decision.

17  Accordingly, IT IS HEREBY ORDERED that:

18  1. Petitioner's motions to proceed in forma pauperis (ECF Nos. 5 & 6) are granted.

19  2. The Clerk of Court shall randomly assign this matter to a district judge.

20  IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas

21  corpus be summarily dismissed without prejudice based on the <u>Younger</u> abstention doctrine.

22  These findings and recommendations are submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

24  after being served with these findings and recommendations, any party may file written

25  objections with the court and serve a copy on all parties.  Such a document should be captioned

26  "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

27  may address whether a certificate of appealability should issue in the event he files an appeal of

28  the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district

1  court must issue or deny a certificate of appealability when it enters a final order adverse to the

2  applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of

3  appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it

4  debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of

5  reason would find it debatable whether the petition states a valid claim of the denial of a

6  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.

7  McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed

8  within fourteen days after service of the objections.  The parties are advised that failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: June 20, 2025

12

13

14  SEAN C. RIORDAN
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4